# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| FRANK SCOTT JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:17-CV-866-JD-MGG |
| | ) |
| MR. SEVIER and MRS. WATTS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Frank Scott Jones, a prisoner without a lawyer, alleges Mr. Sevier and Mrs. Watts were deliberately indifferent to an inhumane condition of confinement in violation of the Eighth Amendment. Additionally, he alleges Watts retaliated against him because of his speech in violation of the First Amendment. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones, an inmate at the Westville Correctional Facility, alleges he tripped over a guitar case and another piece of musical equipment while participating in the prison's therapeutic program on October 7, 2016. As a result, he broke his ankle and underwent

surgery, during which two metal plates and a rod were inserted into his leg. He alleges the music room is "a dangerous place, equipment always falling, and laying around." ECF 2 at 2. He alleges neither Warden Sevier or Watts, who ran the therapeutic program, kept the music room clear.

After his injury, Jones spent time in the prison's infirmary and could not participate in the therapeutic program. He alleges Watts told him he would not receive good-time credit for the program because he complained too much about having broken his ankle. However, he alleges she allowed two other inmates to receive good-time credits despite spending time in the infirmary while enrolled in the therapeutic program.

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, a prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of

2

decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). Here, exposing Jones to a cluttered, disorganized music room was not an objectively serious risk which offends contemporary standards of decency. Therefore these claims must be dismissed.

Jones also alleges Watts retaliated against him for exercising his First Amendment rights by denying him good-time credits for his participation in the therapeutic program because he complained about breaking his ankle. To state a claim of First Amendment retaliation, the plaintiff must plead three elements: (1) the plaintiff engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the Defendant's decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). Here, the complaint states a retaliation claim because it alleges Jones engaged in protected activity by complaining about his injury; Watts denied him good-time credit because he complained; and the loss of good-time credit would likely deter future complaints about injuries sustained at the prison. Although prisoners have no liberty or property interest in unearned good-time credits, *see Babcock v. White*, 102 F.3d 267, 274 (7th Cir. 1996), this is irrelevant to analysis of a First Amendment retaliation claim. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) ("[I]f prison officials were to allocate T.V. time, visitation privileges, prison jobs, or any of the other privileges prisoners enjoy, on an otherwise illegal or discriminatory basis,

their actions would be unconstitutional even though such privileges do not constitute liberty or property interests.").

For these reasons, the court:

(1) GRANTS Frank Scott Jones leave to proceed against Mrs. Watts in her individual capacity for denying him good-time credit for participating in the therapeutic program because he complained about his injury;

(2) DISMISSES all other claims;

(3) DISMISSES Mr. Sevier;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Mrs. Watts with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), that Mrs. Watts respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 21, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT